## Bridget Lavin *vs.* John W. Dodge.

### JULY 8, 1909.

Present: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Trespass quare clausum. Pleading. Verdicts.*

To an action of trespass *quare clausum* defendant pleaded the general issue, and also soil and freehold in himself. To the latter plea plaintiff replied that the close was the soil and freehold of plaintiff, concluding with a verification; and second, adverse possession, concluding with a verification. To these replications defendant rejoined, traversing the replies and concluding to the country. The jury found defendant guilty, and found specially that the close was the soil and freehold of plaintiff, and not the soil and freehold of defendant:—

*Held,* that the gist of this action is injury to the possession, and by pleading *liberum tenementum* defendant admitted the possession of the plaintiff and

the committing of the acts complained of, and assumed the burden of establishing his title by a preponderance of testimony.

*Held,* further, that to the plea of title in defendant the plaintiff should have replied by a traverse to the plea, concluding to the country; but the assertions of title in the replication being unnecessary, they might be disregarded, the traverse being complete without them, and, therefore, the issue was not changed, the burden remaining on defendant to prove the title he had pleaded.

*Held,* further, that, the defendant having failed to establish his claim, the plaintiff was entitled to a verdict for damages for the trespass, and to a finding that the freehold was not in defendant, but was not entitled to a finding that the freehold was in her.

(2)　*Trespass quare clausum.　Pleading Several Pleas.*

A defendant in an action for trespass *quare clausum* can not, under the statute permitting the filing of several pleas, plead both *liberum tenementum,* thereby admitting the possession of the plaintiff and the committing of the acts complained of, and also the general issue, denying possession and the trespasses; and where both pleas have been pleaded and a general verdict returned for plaintiff, with special findings as to defendant's want of title, the verdict will not be disturbed.

(3)　*Trespass quare clausum.*

In an action for trespass *quare clausum,* where defendant admitted his entry on the close, the testimony of possession by the plaintiff under a *bona fide* claim of right was sufficient to support the general verdict.

TRESPASS QUARE CLAUSUM. Heard on exceptions of defendant.

SWEETLAND, J. This is an action of trespass for breaking and entering the close of the plaintiff, described in the declaration, situated in the town of Barrington. The defendant pleaded the general issue and also soil and freehold in himself. To the plea of the soil and freehold in the defendant the plaintiff has replied by two replications: first, that the close was the soil and freehold of the plaintiff and not of the defendant, and she concludes this replication with a verification; and second, that she and her father and mother, from whom she derives her title, have been for more than twenty years, preceding the trespasses in the declaration complained of, in the uninterrupted, quiet, peaceable, and actual seizin and possession of said close during said time, claiming the same as her and his proper, sole, and rightful estate in fee simple, and concluding with a verification.

To these replications the defendant has filed rejoinders in which he traverses the plaintiff's reply, alleging soil and freehold in herself, and adverse possession in herself and her ancestors, and concludes each rejoinder to the country.

At the trial before a jury in the Superior Court the defendant entirely failed to establish title in himself under his plea of *liberum tenementum*, as he admits. At the trial much testimony was introduced by the plaintiff and the defendant upon the question of the plaintiff's title to the close.

At the conclusion of the testimony the justice presiding directed the jury to find specially "that the close described in the declaration, the soil and freehold is not in the defendant John W. Dodge." And the case was submitted to the jury upon the general issue and upon the special finding, "Is the close described in the declaration the soil and freehold of the plaintiff Bridget Lavin?"

The jury found that the defendant was guilty as alleged in the declaration, and assessed damages for the plaintiff in the sum of ten cents; and also found specially "that the close described in the declaration, the soil and freehold is of the plaintiff Bridget Lavin," and as directed by the justice, found that the soil and freehold is not in the defendant John W. Dodge.

The case is before this court upon the defendant's bill of exceptions, in which are certain exceptions, taken during the trial, to the admission of testimony, and exceptions to the refusal of the justice to direct a verdict for the defendant, to the ruling directing a verdict upon the special finding, to the ruling granting certain of the plaintiff's requests to charge the jury and to the ruling refusing certain of the defendant's requests to charge, to certain portions of the charge to the jury, and to the decision of the justice denying the defendant's motion for a new trial, for which he moved on the ground that the verdict is contrary to and against the evidence and the weight thereof, and that the verdict is contrary to the law.

If the issue as to the title of the plaintiff was properly submitted to the jury upon the pleadings in the case, we should remit the case with directions for a new trial; as we are of the opinion that the testimony did not warrant the finding of the

jury upon the plaintiff's claim of title to the land in dispute, either under the deed to the plaintiff's father given in 1857, or under the claim of title by adverse possession. But we are of the opinion that the issue as to the plaintiff's title was not properly before the jury.

(1)      The gist of this action is the injury to the possession. " In trespass and ejectment, which is an action distinctively to try title, upon a plea of the general issue the plaintiff must prove title as a *sine qua non* of maintaining an action. In trespass *quare clausum,* possession alone is sufficient to maintain the action unless the defendant defends upon the ground that the title was in him and hence that there was no trespass, in which case the defendant must specially plead title in himself, or *liberum tenementum,* as it is called." *Schœffer* v. *Brown,* 23 R. I. 364.

" The action being trespass *quare clausum,* the only issues were the possession of the plaintiff and the acts of trespass by the defendant. . . . The question of title in such an action is only put in issue upon the setting up of title in the defendant." *Sayles* v. *Mitchell,* 22 R. I. 238.

When the defendant pleaded *liberum tenementum* there can be no question, under the authorities, but that he admitted the possession of the plaintiff and the committing of the acts complained of, and assumed the burden of establishing his title by a preponderance of the testimony. *Carpenter* v. *Logee,* 24 R. I. 383. See also *Wilbur* v. *Peckham,* 22 R. I. 284; *City of Providence* v. *Adams,* 10 R. I. 184.

To the plea of title in the defendant the plaintiff should have replied traversing the plea; or if she was lawfully in possession under a tenancy created by the defendant, then she should have replied in confession and avoidance. The defendant contends that the plaintiff has filed replications in confession and avoidance; that a new issue has been tendered, and that the burden is upon the plaintiff to prove her replies.

We do not consider these replications to be in confession and avoidance of the plea, but rather that in these replies the plaintiff has, by the assertion of her own title, denied that pleaded by the defendant. Such an assertion was unnecessary. The

allegations of title in the plaintiff, set out in the replications, may be disregarded; the traverse is complete without them. These statements of title in herself are inconsistent with the proper course of pleading in this action, unless they may be considered as denials of the plea and not as new matter set up by the plaintiff. The plaintiff erroneously considered these assertions of title in herself to be new matter, as she concluded with a verification. She should have concluded to the country. We do not consider, however, that this has changed the nature of the replication. The issue was not changed, the burden remained upon the defendant to prove the title which he had pleaded.

In I Chitty on Pleading, 621, it is said that in trespass to real property, the plaintiff might, to the plea of *liberum tenementum*, reply according to the facts in either of four ways; of these four ways the first is as follows: "1st, if the name or abuttals of the close had been so minutely stated in the declaration that there could be no question what close was alluded to, and the plaintiff's title was inconsistent with the defendant's, as if the plaintiff insists that the *locus in quo* is his freehold, or the freehold of another person, then the replication should deny the defendant's title by replying, that it is the plaintiff's or the third persons's freehold, and not the defendant's, and should conclude to the country."

The statement of the plaintiff's title in the replication is regarded as a reply to the defendant's claim of freehold, not as the pleading of new matter.

In this view of the replication, the case stood thus at the beginning of the trial: the defendant, by his plea of freehold in himself, admitted the possession of the plaintiff, and the acts alleged as acts of trespass, and upon the traverse of the plaintiff, the only issue remaining was the title of the defendant. At the close of the testimony it appeared, as he admits, that the defendant had failed to establish his claim. The plaintiff was entitled to a verdict for damages for the trespasses, and to a finding that the freehold was not in the defendant. She was not entitled to a finding that the freehold was in her. That was not properly an issue before the jury. The testimony

introduced as to her title was in opposition to the claim of title by the defendant.

(2) The defendant contends that although he failed upon his plea of *liberum tenementum*, that still he might be found not guilty upon the general issue; that, as the Court and Practice Act permits the defendant to plead as many several pleas as he chooses, he may assume the inconsistent position of admitting the possession of the plaintiff and the commission of the acts complained of, and at the same time denying the plaintiff's possession and the trespasses under the general issue. This is clearly not the view taken by the cases in this State.

(3) Even if the defendant's contention in this regard was conceded, the general verdict of the jury should not be disturbed; as the defendant, by his stipulation filed in the case, admits his entry upon the close described in the declaration against the plaintiff's protest, and the testimony as to possession by the plaintiff under a *bona fide* claim of right, at the time of the trespasses complained of, was sufficient to support the general verdict.

The case is remitted to the Superior Court with directions to disregard the finding of the jury that the soil and freehold is in the plaintiff, and to enter judgment upon the verdict upon the general finding that the defendant is guilty and upon the special finding that the soil and freehold is not in the defendant John W. Dodge.

*Doran & Flanagan*, for plaintiff.

*Tillinghast & Collins*, for defendant.